## CIRCUIT COURT OF CHESTERFIELD COUNTY

Johnston-Willis, Ltd.

v.

State Health Commissioner

August 1, 1986

By JUDGE WALTER J. FORD

In accordance with Section 9-6.14:17 of the Code of Virginia (1950), as amended, the burden is upon the appellant, Johnston-Willis, Ltd., (Hospital) to demonstrate errors of law committed by the appellee, the State Health Commissioner (Commissioner). It is the Court's decision that the appellant has not carried that burden as to its application for a certificate of public need with the exception of reorganizing the Hospital's out-patient surgery program with the exception of the addition of operating rooms. The Court finds that the Commissioner has the right to and properly did rely upon the State Medical Facilities Plan and the Virginia State Health Plan. The Commissioner was entitled to have the Court take due account of the presumption of official regularity and his experience and specialized competence. In this regard, the Commissioner properly concluded that a minimum obstetrical occupancy standard of seventy-five percent was applicable. The Court finds that the Commissioner properly considered the accuracy and adequacy of the State Medical Facilities Plan and the Commissioner properly relied upon the planning district analysis in determining need projects. The Commissioner also had the right to consider travel time data as well as information concerning

obstetrical bed utilization at Southside Community Hospital in Prince Edward County, Virginia. With the exception of the reorganization of the out-patient surgery program, the Commissioner's decision in denying the Hospital's application was based on substantial evidence.

The Hearing Officer properly denied the Hospital the right to cross-examine Dr. Robert Shayne. The hearing at which Dr. Shayne appeared was an informal, fact-finding hearing that does not permit cross-examination. In any event, the Hospital was given ample time to refute the reliability of the survey presented by Dr. Shayne and further, the Hearing Officer concluded that Dr. Shayne was not granted standing as an interested person alleging good cause.

The Commissioner, in his decision letter of December 31, 1985, adopted the findings of fact and conclusions of Marilyn H. West, the Hearing Officer. One conclusion was that sufficient evidence existed in the record to allow the Hospital to undertake a project to improve its out-patient surgery program as long as the program did not include the addition of operating rooms. The Commissioner is *bound* by that conclusion and, therefore, he should have approved that portion of the application. There is no factual question that the Hospital demonstrated a need to reorganize its out-patient surgery program and there was no evidence that in doing so any adverse effect would be incurred by any of the other hospitals in the planning district. Section 32.1-102.3(A) of the Code of Virginia (1950), as amended, states, "If it is determined that a public need exists for only a portion of a project, a certificate may be issued for that portion." To reach the conclusion of the Commissioner, he had to consider and be satisfied that all twenty provisions of Section 32.1-102.3(B) had been met. The Commissioner, having made that determination, must not deny the portion of the project unless it is such an integral part of the total project to render it infeasible to do so or unless there is some compelling reason to deny the portion.

Therefore, so much of the Commissioner's decision of denial as to the out-patient surgery program is vacated and the Court will enter an order that the Commissioner issue a certificate of public need to the Hospital for it to undertake its project to improve its out-patient surgery program, but eliminating the addition of operating

rooms. The remainder of the decision of the Commissioner is affirmed.

From the proceedings and arguments of counsel, the Court finds that the Hospital would have appealed the decision of the Commissioner even if that portion of the out-patient surgery program had been approved by the Commissioner. Therefore, the major portion of the appeal and its attending expense, including attorney's fees, cannot be recovered by the Hospital. The Court finds that an award of attorney's fees is proper for a portion of the appeal as it relates to the out-patient surgery program. In order for the Court to make an award, it will be necessary for the Hospital to furnish the Court with the number of hours and the costs incurred in that portion of the appeal. If the Commissioner does not agree with the information furnished, I will be glad to set a hearing to consider the matter.